United States District Court
Southern District of Texas
**ENTERED**
March 21, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Kim L. Carreathers, §<br>§<br>*Plaintiff,* §<br>§<br>v. §<br>§<br>Kilolo Kijakazi, Acting §<br>Commissioner of Social Security,[1] §<br>§<br>*Defendant.* § | Case No. 4:23-cv-00552 |

## MEMORANDUM AND ORDER

In this challenge to an administrative ruling that denied disability benefits, Plaintiff Kim L. Carreathers and Defendant Kilolo Kijakazi, Acting Commissioner of Social Security have filed cross-motions for summary judgment. *See* Dkt. 18, 21; *see also* Dkt. 19 (identical to Dkt. 18). After reviewing the briefs, the administrative decision, the record, and the applicable law, the Court grants the Commissioner's motion for summary judgment and denies Carreathers's cross-motion.

---

[1] The Court is aware that Martin O'Malley became the Commissioner of Social Security on December 20, 2023. As of this date, however, no request to substitute O'Malley for Kijakazi has been submitted.

## Background

Carreathers had a 28-year career working for the Texas Department of Health and Human Resources. R.22. For the last ten to fifteen years of that job, Carreathers served as an assistant supervisor. R.22-23. She retired from that position in 2018. *Id.*; *see also* R.300 (dates of employment). The next year, Carreathers began working ten hours each week as a school crossing guard. R.21-22, 29; R.300. During the summer, Carreathers delivered food through Grub Hub until her physician advised against doing so due to the COVID-19 pandemic. R.35.

In August 2020, Carreathers applied for disability benefits, claiming an onset date of March 20, 2020. R.158. Her application was denied initially, R.80-84, and again upon reconsideration, R.87-89. Carreathers then sought a hearing before an administrative law judge (ALJ). R.90; *see also* R.123 (Carreathers's agreement to an online video hearing).

At the hearing, Carreathers appeared without assistance of counsel. R.10; *see also* R.13 (declining ALJ's offer to postpone the hearing so Carreathers could retain counsel). She testified about suffering from diabetes, which began 40 years ago. R.24. She described having occasional spikes in her blood sugars, largely due to dietary issues. R.27. She uses a blood sugar monitor and insulin pump to address her condition. R.26, 31-32.

Carreathers also described having vision problems, including due to her diabetes. R.24. She testified about having glaucoma, which she treats with drops that reduce her eye pressure. R.26, 33-34.

As for other health issues, Carreathers described having asthma attacks, high blood pressure, and a hyperactive thyroid gland. *See* R.25-26, 32. Her problems with asthma began about five years ago. R.32. Particularly severe asthma attacks have also triggered panic attacks. R.32. She described using both an inhaler and a nebulizer to address her asthma. R.25. According to Carreathers's testimony, the blood pressure and thyroid issues have improved with medication. R.33.

In response to the ALJ's questions, Carreathers described her daily activities, including preparing meals, watching television, listening to music, and attending church. R.36. She spends time with her pastor and his wife and volunteers at the church by cleaning and directing the choir. R.38-39.

Based on the medical evidence and testimony at the hearing, the ALJ issued a decision concluding that Carreathers does not qualify as disabled under the Social Security Act. R.69-75. In the decision, the ALJ found that Carreathers's asthma, glaucoma, depressive disorder, insulin dependent diabetes mellitus, hypertension, hyperactive thyroid, obesity, and gout are medically determinable impairments. R.72. But the ALJ found these impairments, whether considered individually or collectively, do not

3

significantly limit Carreathers's ability to perform basic work activities for at least twelve consecutive months. R.72-75. This led to the conclusion that the record failed to show that Carreathers suffered from a severe impairment, as necessary to qualify for disability benefits. *See id.*

Carreathers sought review of the ALJ's decision, which the Appeals Council denied. R.1. This appeal followed. Dkt. 1.

## Standard of Review

This Court reviews the Commissioner's denial of social security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Whitehead v. Colvin*, 820 F.3d 776, 779 (5th Cir. 2016) (per curiam) (internal quotation marks omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept to support a conclusion.'" *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). It is "more than a scintilla, but it need not be a preponderance." *Taylor v. Astrue*, 706 F.3d 600, 602 (5th Cir. 2012) (per curiam) (internal quotation marks omitted).

When conducting its review, the Court cannot reweigh the evidence or substitute its judgment for the Commissioner's. *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999). "Conflicts of evidence are for the Commissioner, not the courts, to resolve." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). But

4

judicial review must not be "so obsequious as to be meaningless." *Brown*, 192 F.3d at 496 (internal quotation marks omitted). The court must scrutinize the record as a whole, taking into account whatever fairly detracts from the weight of evidence supporting the Commissioner's findings. *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986).

## Analysis

I. **Legal framework**

"The Commissioner uses a sequential, five-step approach to determine whether a claimant is … disabled: (1) whether the claimant is presently performing substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment meets or equals a listed impairment; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantial gainful activity." *Morgan v. Colvin*, 803 F.3d 773, 776 (5th Cir. 2015) (citing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)) (footnote omitted). Before moving from step three to four, the ALJ determines the claimant's RFC, which is used to evaluate steps four and five. *Id.* at 776 n.2 (quoting § 404.1520(a)(4)).

"Under this five-step approach, if the Commissioner determines at a prior step that the applicant is or is not disabled, the evaluation process stops …." *Id.* at 776 (citing § 404.1520(a)(4)). The claimant bears the burden

5

of proof at the first four steps. *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017). At the fifth step, the burden of proof shifts to the Commissioner "to establish the existence of other available substantial gainful employment that a claimant can perform." *Id.* at 753-54. The Commissioner fulfills this burden by identifying potential alternative employment that exists in significant numbers in the national economy. *See Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987); 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1566(a). The burden then "shifts back to the claimant to prove that he is unable to perform the alternate work." *Fraga*, 810 F.2d at 1302.

## II. Substantial evidence supports the ALJ's determination that Carreathers does not qualify as disabled.

Carreathers's motion implicitly targets the ALJ's conclusion, at step two, that her diabetes and vision issues do not qualify as severe impairments that render her disabled under the Social Security Act. *See* Dkt. 18. She emphasizes that she lacks sufficient funds to procure the mediation necessary to treat these conditions. *See id.*

In response, the Commissioner emphasizes the strict constraints on this Court's review of the ALJ's determination. *See* Dkt. 21 at 1-2. On this record, the Commissioner argues that substantial evidence supports the ALJ's finding that Carreathers's diabetes and other conditions do not constitute severe

6

impairments. *See id.* at 3-6. If so, then Carreathers would not qualify as disabled. *See* 20 C.F.R. § 404.1520(a)(4)(ii).

The Court's analysis thus hinges on the ALJ's review of medical evidence regarding the severity of Carreathers's impairments. Under controlling regulations, an impairment or combination of impairments qualifies as "severe" only if it "significantly limits [a claimant's] physical or mental ability to do basic work activities." *Id.* § 404.1520(c); *see also id.* § 404.1522. Conversely, slight abnormalities that have only a minimal effect on a claimant's ability to perform basic work activities are classified as non-severe. *See* SSR 85-28, 1985 WL 56856, at *3 (Jan. 1, 1985); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985). But an ALJ must consider the combined impacts of a claimant's impairments, along with her reported symptoms and all objective medical findings, when determining if the claimant suffers from a severe impairment. *See* SSR 85-28, 1985 WL 56856, at *3-4; *see also* SSR 16-3p, 2017 WL 5180304, at *11 (Oct. 25, 2017).

Here, the ALJ detailed the evidence regarding Carreathers's diabetes and vision issues, as well as her other conditions. *See* R.73-74. In particular, the ALJ acknowledged Carreathers's testimony that "she cannot work because of her blood glucose fluctuations, need to monitor her blood glucose levels multiple times a day, ... and vision problems, especially at night." R.73. But the ALJ concluded that Carreathers's description of the intensity, persistence,

7

and limiting effects of these and other health issues were not entirely consistent with the medical evidence. *See* R.73.

As the ALJ explained, Carreathers has suffered from diabetes and vision issues since she was a teenager. *See id.* (citing testimony and Ex. 11E at 8 (R.282)). Carreathers uses a blood sugar monitor and an insulin pump to manage her diabetes. *See* R.26, 31-32; R.248. Although she described having occasional spikes in her blood sugar, she also indicated they were "related to dietary" issues and do not occur very often. R.27-28.

The ALJ also cited medical records reflecting that Carreathers's use of corrective eyewear has improved her sight, which is managed with eyedrops and control of other conditions. For instance, a May 2020 record from Dr. Sherif Khalil notes that Carreathers has diabetic mellitus without diabetic retinopathy, moderate cataracts, and glaucoma that improved after laser surgery. R.355. Dr. Khalil recommended "observation" for the cataracts and prescribed eyedrops and "regular follow up" to monitor the glaucoma, noting that Carreathers's eye pressure is "controlled" such that surgery was unnecessary. R.355-56; *see also* R.344. He also prescribed contact lenses. R.356. That course of treatment continued in 2021, when Dr. Khalil emphasized the need to use eye drops for glaucoma and found Carreathers's cataracts were "not visually significant at this time and can be observed." R.519. Subsequent visits in 2022 with another physician recommended testing

for vision loss but do not include any findings. R.575 (July 13, 2022 record); R.597 (same record).

Based on these medical records, the ALJ had a substantial basis for concluding that Carreathers's diabetes and vision, as well as her other impairments, "are reasonably well controlled through a conservative course of treatment, including medications, monitoring, and modest lifestyle modifications." R.74 (citations omitted). As such, Carreathers's conditions do not qualify as severe impairments because conditions that "can be remedied or controlled by medication or therapy ... cannot serve as a basis for a finding of disability." *Johnson v. Bowen*, 864 F.2d 340, 348 (5th Cir. 1988).

In addition, the ALJ noted Carreathers's ability to perform acts of daily living notwithstanding her conditions. R.74. Carreathers indicated that she prepares her own meals, does laundry, cleans her own house, and does her own shopping. R.248-49; *see also* R.37 (hearing testimony). She attends church regularly. R.36; *see also* R.250. In connection with her church, she volunteers as a choir director, occasionally helps with cleaning, and spends time with her pastor and his wife. R.38-39. Carreathers's ability to engage in these activities supports the ALJ's conclusion that her impairments are not severe. *See Dearing v. Astrue*, 2012 WL 4866499, at *4 (N.D. Tex. May 14, 2012) (relying on similar evidence to uphold an ALJ's determination that the plaintiff's condition did not qualify as a severe impairment).

9

As a final note, the Court is sympathetic to Carreathers's economic hardship that impedes her ability to manage her conditions. When "the claimant cannot afford the prescribed treatment or medicine, and can find no way to obtain it, 'the condition that is disabling in fact continues to be disabling in law.'" *Lovelace v. Bowen*, 813 F.2d 55, 59 (quoting *Taylor v. Bowen*, 782 F.2d 1294, 1298 (5th Cir. 1986)). This rule, however, "does not encompass claims of persons who can prove no disability but only seek benefits as a means of affording care that might conceivably *prevent* a disability." *Burnside ex rel. Burnside v. Bowen*, 845 F.2d 587, 592 (5th Cir. 1988), *abrogated on other grounds by Sullivan v. Zebley*, 493 U.S. 521 (1990).

Carreathers's conditions, thus far being managed by medication and non-disabling, fall into the latter category of claims for benefits to "conceivably prevent a disability." *See id.* (emphasis removed). The law therefore precludes the Court from overriding the ALJ's determination that Carreathers's conditions do not satisfy the legal standard for obtaining disability benefits, regardless of her ability to afford her medication going forward. *See, e.g.*, *Magee v. Shalala*, 1994 WL 236409, at *6 (E.D. La. May 25, 1994) (reaching similar conclusion). This is especially so because the Court cannot reweigh the evidence. *See Brown*, 192 F.3d at 496. The ALJ's determination therefore must be affirmed.

## Conclusion

For the foregoing reasons, it is **ORDERED** that Defendant Kilolo Kijakazi's motion for summary judgment (Dkt. 21) is **GRANTED** and Plaintiff Kim L. Carreathers's motion for summary judgment (Dkt. 18, 19) is **DENIED**.

It is further **ORDERED** that the decision by the Social Security Administration denying Carreathers's application for benefits is **AFFIRMED**.

Signed on March 21, 2024, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge